IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY, | § § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:16-cv-1875-L |
| PASCUAL BUSTOS-BUSTOS AND JORGE SANDOVAL BARAJAS D/B/A GEORGE CERAMIC TILE, | § § § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Defendant Pascual Bustos-Bustos ("Bustos-Bustos") has filed a motion to dismiss or, alternatively, stay this declaratory judgment action, *see* Dkt. No. 9 at 2-6, which United States District Judge Sam A. Lindsay referred to the undersigned United States Magistrate Judge for findings and recommendation, *see* Dkt. No. 13. Plaintiff Atlantic Casualty Insurance Company ("Atlantic Casualty") filed a response, *see* Dkt. Nos. 11 & 12, and Bustos-Bustos filed a reply, *see* Dkt. No. 14. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation.

**Background**

Atlantic Casualty issued to Defendant Jorge Sandoval Barajas d/b/a George Ceramic Tile ("Sandoval"; collectively with Bustos-Bustos, "Defendants") a general commercial liability policy for the policy period from January 1, 2015 to January 1,

-1-

2016. *See* Dkt. No. 9-1 at 2-19. According to Atlantic Casualty, the policy provides coverage for bodily injury for temporary workers but not for employees, contractors, or subcontractors. *See* Dkt. No. 1 at 6-10.

On October 19, 2015, Bustos-Bustos was injured on the job while working at a commercial construction site for Sandoval.

On February 2, 2016, Atlantic Casual denied coverage for Bustos-Bustos's claim under a policy exclusion that denies coverage for employees, contractors, or subcontractors injured on a job site. *See* Dkt. No. 9-1 at 28-30.

On April 15, 2016, Bustos-Bustos sued Sandoval in the 67th District Court of Tarrant County, Texas. *See id.* at 21-26. Bustos-Bustos alleged that he was a temporary worker who was injured in an on-the-job-accident caused by Sandoval's negligence and failure to carry workers' compensation insurance. *See id.*

On June 2, 2016, Sandoval tendered defense of the lawsuit to Atlantic Casualty. *See id.* at 32-33. Sandoval asserted that Atlantic Casualty had a duty to defend because Bustos-Bustos alleged that he was a temporary worker hired by Sandoval to meet short-term workload conditions and that the policy provides coverage for bodily injury to temporary workers. *See id.*

On June 29, 2016, Atlantic Casualty filed this declaratory judgment action, based on diversity of citizenship, against the insured, Sandoval, and Bustos-Bustos. It joined Bustos-Bustos as a defendant because he is a potential judgment creditor of, and is currently seeking damages from, Sandoval. Atlantic Casualty's lawsuit seeks a declaratory judgment of its rights and responsibilities under the policy. Specifically,

Atlantic Casualty seeks a declaration that it owes no duty to defend or indemnify Jorge Sandoval Barajas d/b/a George Ceramic Tile under the policy for the allegations made in the underlying lawsuit and a declaration that Pascual Bustos-Bustos is not entitled to any indemnity under the policy for his claim in the underlying lawsuit. *See* Dkt. No. 1 at 10-11.

On July 12, 2016, Bustos-Bustos filed a response to the Complaint, which included a motion seeking discretionary dismissal, or, in the alternative, a stay of the declaratory action. *See* Dkt. No. 9 at 2-6. Bustos-Bustos argues that the Court should decline to exercise its discretion because the coverage issue can adequately be decided by the state court in the underlying proceeding. *See id.*

Atlantic Casualty filed a response in which it argues that the Court should exercise its discretion to decide the case because this case and the state case do not involve the same parties or issues. *See* Dkt. Nos. 11 & 12. Bustos-Bustos filed a reply repeating the statements made in the motion. *See* Dkt. No. 12.

The undersigned now concludes that the motion should be denied and that the Court should exercise its discretion to determine the declaratory judgment action.

## Legal Standards and Analysis

The Declaratory Judgment Act states that "any court of the United States, upon the filing of an appropriate pleading, <u>may declare</u> the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added). "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to

declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). Declaratory relief, therefore, is a matter in this Court's discretion. *See Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991).

When considering a declaratory judgment action, a district court must engage in a three-step inquiry. First, the court must determine whether the declaratory judgment action is justiciable. Second, if it has jurisdiction, the court must resolve whether it has the "authority" to grant declaratory relief in the case presented. And, third, the court must determine how to exercise its broad discretion to decide or dismiss the declaratory judgment action. *See Orix Credit Alliance, Inc. v. Wolfe*, 202 F.3d 891, 895 (5th Cir. 2000).

I. <u>The declaratory judgment action is justiciable.</u>

Determining whether an action is justiciable typically requires a court to resolve whether an "actual controversy" exists between the parties. *See id.* "'As a general rule, an actual controversy exists where 'a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests.'" *Id.* at 896 (quoting *Middle S. Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986)).

"An actual controversy may exist when an insurance carrier seeks a declaratory judgment that it has a duty neither to defend nor indemnify its insured in a state court action that has not yet proceeded to judgment." *American States Ins. Co. v. Bailey*, 133 F.3d 363, 368 (5th Cir. 1998); *see also E & R Rubalcava Const., Inc. v. Burlington Ins. Co.*, 147 F. Supp. 2d 523, 526 (N.D. Tex. 2000) ("A declaratory judgment is a proper manner in which to resolve disputes over liability insurance coverage.").

Here, a real and immediate controversy between the parties exists as both Defendants challenge Atlantic Casualty's denial of coverage under the policy and Atlantic Casualty seeks a declaration from this Court that it has no duty to either defend or indemnify. The parties have adverse legal interests, and an actual controversy exists between them. The case is justiciable.

II.  The Court has the authority to grant declaratory relief.

A district court lacks the authority to weigh the merits of a declaratory judgment action when: "(1) the declaratory defendant previously filed a cause of action in state court; (2) the state case involved the same issues as those in the federal court; and (3) the district court is prohibited from enjoining the state proceedings under [28 U.S.C. §] 2283," the Anti-Injunction Act. *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 388 n.1 (5th Cir. 2003) (citing *Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 776 (5th Cir. 1993)). The presence of all three factors mandates abstention. *See Cont'l Ins. Co. v. Gifford-Hill & Co., Inc.*, No. 3:12-cv-925-D, 2013 WL 1875930, at *2 n.6 (N.D. Tex. May 6, 2013). "The want of any one factor defeats mandatory abstention." *AIX Specialty Ins. Co. v. Western States Asset Mgmt., Inc.*, No. 3:12-cv-4342-M, 2013 WL 4603775, at *2 (N.D. Tex. Aug. 29, 2013).

In this case, one of the declaratory defendants, Bustos-Bustos, previously filed a lawsuit in state court. But the parties and the issues in the state and federal cases are different. *See AXA Re Prop. & Cas. Ins. Co. v. Day*, 162 F. App'x 316, 320 (5th Cir. 2006). In the state court case, Bustos-Bustos sued Sandoval for negligence for failure to provide a safe work area and equipment for workers to operate. *See* Dkt. No. 9-1 at

26. In the federal court case, an insurer, Atlantic Casualty, sued the insured, Sandoval, and a claimant under the policy, Bustos-Bustos, for a declaration of the insured's duties under the insurance policy. *See* Dkt. No. 1. Accordingly, mandatory abstention is inapplicable.

III. <u>The Court should exercise its discretion to decide the case.</u>

Having determined that this case presents a justiciable controversy and that the Court has the authority to grant declaratory relief, the Court must decide whether to exercise its discretion to hear this action. This determination rests on "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942).

There are seven factors that guide a district court's determination of whether to hear a declaratory judgment action or to dismiss or stay the case pending resolution of a pending state court proceeding: (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing suit; (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist; (5) whether the federal court is a convenient forum for the parties and witnesses; (6) whether retaining the lawsuit would serve the purposes of judicial economy; and (7) whether the federal court is being called on to construe a state judicial decree involving

the same parties and entered by the court before whom the parallel state suit between the same parties is pending. *See St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994). Three principal concerns – federalism, fairness, and efficiency – underpin the Court's inquiry under the so-called *Trejo* factors. *See Sherwin-Williams*, 343 F.3d at 390-92.

    A.    Pending State Court Action

The first *Trejo* factor "requires the court to examine comity and efficiency." *Id.* at 391. In *Brillhart*, the United States Supreme Court directed district courts to avoid "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation." 316 U.S. at 495. Consistent with this direction, the Supreme Court found that "[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Id.*

*Brillhart* abstention is not restricted only to those instances where federal and state proceedings are exactly parallel – that is, they involve the same parties and the same issues. *See Gifford-Hill*, 2013 WL 1875930, at *3 (quoting *Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990)). Where "there is a pending related state proceeding but it is not 'parallel'…, the federal district court properly considers the extent of similarity between the pending state court and federal court cases in deciding which court should decide the dispute." *Sherwin-Williams*, 343 F.3d at 394 n.5.

-7-

Bustos-Bustos argues that the first *Trejo* factor is met simply because a state court case is pending, but he fails to consider whether all of the matters in controversy may be fully litigated in the pending state court proceeding. The undersigned concludes that they cannot.

Texas Rule of Civil Procedure 51(b), which governs the joinder of claims and remedies, provides that "[t]his rule shall not be applied in tort cases so as to permit the joinder of a liability or indemnity insurance company, unless such company is by statute or contract directly liable to the person injured or damaged." TEX. R. CIV. P. 51(b); *see also* TEX. R. CIV. P. 38(c) (stating same rule regarding third-party practice); *United Fire Lloyd's v. Tippin ex rel. Tippin*, 396 S.W.3d 733, 736 n.4 (Tex. App. – Houston [14th Dist.] 2013, no pet.) (referring to this rule as "the general prohibition on joining an insurance company into a tort suit").

As Judge Lindsay concluded in a strikingly similar case, "this proceeding and the state proceeding[ ] are not 'truly parallel,' because the proceedings involve different parties and issues. Further, this court's ruling as to [Atlantic Casualty's] obligations has no direct bearing on the underlying state case, and the state court's ruling on [Sandoval's] liability has no direct bearing on [Atlantic Casualty's] obligations under the Policy at issue." *Nautilus Ins. Co. v. Southern Vanguard Ins. Co.*, 899 F. Supp. 2d 538, 550-51 (N.D. Tex. 2012) (citation omitted).

Accordingly, the undersigned concludes that the state and federal lawsuits are not parallel as they do not involve the same parties and issues.

B.  Anticipation of Litigation, Forum Shopping, and Possible Inequities

The second, third, and fourth *Trejo* factors require the Court to assess whether Atlantic Casualty is improperly using the declaratory judgment process to unfairly gain access to the federal court. *See Sherwin-Williams*, 343 F.3d at 391. As the United States Court of Appeals for the Fifth Circuit has recognized, forum selection necessarily is required by the filing of a lawsuit, and declaratory judgment actions regularly are anticipatorily filed. *See id.* at 391-92. The *Trejo* fairness factors therefore are not to be literally applied. *See id.*

As to the second *Trejo* factor, Bustos-Bustos argues that "Atlantic [Casualty] clearly filed this action in anticipation of a lawsuit considering the state lawsuit had already been filed," and, as to the third factor, he argues that "Atlantic [Casualty] just as clearly went on a forum shopping spree in selecting the time and place for the fight." Dkt. No. 9 at 4-5; Dkt. No. 14 at 4. Atlantic Casualty responds that the declaratory judgment action could not have been filed in anticipation of litigation because the underlying state case had already been filed. Sandoval's tender of the defense and Bustos-Bustos's claim for coverage for his bodily injuries suggests that Atlantic Casualty may have anticipated a coverage lawsuit would be filed. Nevertheless, federal declaratory judgment suits are routinely filed in anticipation of other litigation, and Bustos-Bustos offers no argument or evidence to show that Atlantic Casualty's filing of the declaratory judgment action in this court was improper or abusive. *See Sherman-Williams*, 343 F.3d at 391.

Bustos-Bustos also argues that this is a state case, involving Texas witnesses, concerning a claim that arose in Texas, that will be governed by Texas law. *See* Dkt.

No. 9 at 6; Dkt. No. 5-6. Nevertheless, the filing of a lawsuit in federal court by an out-of-state defendant does not demonstrate impermissible forum shopping. Rather, it is nothing more than the traditional justification for diversity jurisdiction. *See id.* at 399.

As to the third *Trejo* factor, Bustos-Bustos also argues that "Atlantic [Casualty] could have easily intervened into the state lawsuit and filed this declaratory action." Dkt. No. 9 at 4-5; Dkt. No. 14 at 4-5. The undersigned disagrees. As stated above, generally insurance coverage disputes may not be joined with tort claims. *See* TEX. R. CIV. P. 38(c), 51(b); *United Fire Lloyd's*, 396 S.W.3d at 736 n.4. And, here, evidence of insurance is not admissible in Bustos-Bustos's negligence claim against Sandoval. *See* TEX. R. EVID. 411; *see also In re Reynolds*, 369 S.W.3d 638, 653 (Tex. App. – Tyler 2012, orig. proceeding) (granting mandamus and holding that negligence and insurance claims must be severed).

As to the fourth *Trejo* factor, Atlantic Casualty gained no precedence in time because the state tort action involving different issues was already pending, and Atlantic Casualty did not change the forum because the coverage issues between the insurer, Sandoval, and Bustos-Bustos were not pending in any other forum. *See AXA*, 162 F. App'x at 321 ("[B]ecause there was no parallel state court proceeding involving the same issue, AXA did not inequitably gain precedence in time or change a previously selected forum for the declaration it sought.").

Bustos-Bustos argues only that "Atlantic Casualty picked this fight before the parties had a chance to conduct discovery," Dkt. No. 9 at 5, Dkt. No. 14 at 5, but he fails to explain how discovery in the tort suit is has any relevant relation to Atlantic

Casualty gaining precedence in time.

    C.      Convenient Forum

The fifth *Trejo* factor – whether the federal forum is a convenient forum – implicates efficiency considerations. *See Sherwin-Williams,* 343 F.3d at 392. The state and federal forums appear to be equally convenient for the parties and witnesses to this action, and Bustos-Bustos concedes that "the location of this case is, candidly, a neutral factor as Sandoval's chosen forum is only 40 miles away." Dkt. No. 9 at 5; Dkt. No. 14 at 5.

    D.      Judicial Economy

Like the fifth *Trejo* factor, the sixth *Trejo* factor concerns efficiency and asks whether judicial economy would be better served by retaining the federal lawsuit. *See Sherwin-Williams*, 343 F.3d at 392. Bustos-Bustos argues that judicial economy favors dismissal of this lawsuit because there is a pending state action. *See* Dkt. No. 9 at 5; Dkt. No. 14 at 5. But, as discussed above, the state and federal lawsuits are not parallel proceedings, and Atlantic Casualty cannot intervene or be joined in the state court case.

    E.      State Judicial Decree

The seventh *Trejo* factor concerns federalism and comity. *See Sherwin-Williams*, 343 F.3d at 392. Bustos-Bustos' argument that "at present there is no competing state decree, but in the future there likely will be" notwithstanding, *see* Dkt. No. 9 at 5; Dkt. No. 14 at 5, the parties are not asking the Court to construe a state judicial decree and this factor, therefore, is either neutral or weighs against dismissal. *See AIX Specialty*

Case 3:16-cv-01875-L   Document 16   Filed 08/31/16   Page 12 of 13   PageID 130

*Ins. Co.*, 2013 WL 4603775, at *6 (citing cases).

      F.     The *Trejo* factors do not support dismissal.

Having considered the concerns of federalism, fairness, and efficiency, as applied through application of the *Trejo* factors, the undersigned concludes that the Court should exercise its discretion to decide Atlantic Casualty's declaratory judgment action. And, because the two cases do not involve the same parties and issues, the Court should not stay this case pending resolution of the state court proceeding.

**Recommendation**

The motion to dismiss included in Defendant Bustos-Bustos' Response to Plaintiff's Complaint Seeking Declaratory Action [Dkt. No. 9] should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: August 31, 2016

                                              _____
                                              DAVID L. HORAN
                                              UNITED STATES MAGISTRATE JUDGE